UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIS AGOLIATI, JERRY GRIGOLI, and
LOUIS PICCONE,

                   Plaintiffs,                      **REPORT AND RECOMMENDATION**
                                                           **19 CV 5477 (WFK) (LB)**

   -against-

BLOCK 865 LOT 300 LLC,
JOHN AND MARLA DIFORTE,
CARMEL MCCARTHY, and AVERY GROSS,

                 Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

     Plaintiff Louis Piccone seeks leave to amend his complaint for the second time to add a cause of action for fraudulent concealment against all defendants. ECF No. 69. All three plaintiffs and defendant Avery Gross are proceeding *pro se* in this action. Plaintiff Louis Piccone and defendant Avery Gross are attorneys.[1] Only Piccone moves to amend. Defendants oppose plaintiff's motion. ECF No. 70. The Honorable William F. Kuntz referred this motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). It is respectfully recommended that plaintiff's request for leave to amend should be denied for the reasons set forth below.

## BACKGROUND

     This case is about who owns three fractional interests of a swimming pool property on Staten Island. Compl. ¶ 1. Plaintiffs' original complaint states that plaintiffs or their families purchased fractional interests in the pool property between 1988 and 1992 but did not record their deeds. Compl. ¶¶ 19–27. Plaintiffs or their families used the pool, paid bills related to the upkeep

---

[1] While the Court ordinarily affords *pro se* litigants special solicitude, such treatment is not appropriate when the *pro se* litigant is themselves a lawyer. See Weslowski v. Zuigbe, 96 F. Supp. 3d 308, 315 (S.D.N.Y. 2015) (collecting cases), *aff'd* 626 F. App'x 20 (2d Cir. 2015); see also Larsen v. JBC Legal Grp., P.C., 533 F. Supp. 2d 290, 295 n.2 (E.D.N.Y 2008) ("[T]he rules afforded pro se litigants are not relaxed when that litigant is also an attorney."). Therefore, plaintiff Piccone is not entitled to special solicitude from the Court.

1

of the pool property and generally held themselves out as owners of interests in the pool property. Compl. ¶¶ 22–38. The same pool property was the subject of a protracted state court partition litigation between the parties and others over who had rightful claims to the property.[2] After a trial in 2018, the state court determined that defendant Block 865 Lot 300 LLC owned six-eighths of the property, Luke Baione (not a party to this case) owned one-eighth, and plaintiff Chris Agoliati owned one-eighth. Answer, ECF No. 14 ¶¶ 7, 10.

Plaintiffs, clearly unsatisfied with this determination and the dismissal of their appeals in the state court,[3] filed their complaint in this diversity action on September 29, 2019. ECF No. 1. Plaintiffs filed an amended complaint on November 8, 2019. ECF No. 5. By February 28, 2020, all defendants had answered plaintiff's amended complaint. ECF Nos. 8, 9, 14, 17.

The gravamen of plaintiffs' operative complaint is that defendants contacted three former owners of interests in the pool property who had sold their interests to plaintiffs or their families, and fraudulently induced them to re-convey the same interests to defendants, for a nominal payment. Id. ¶¶ 68–69. The complaint alleges ten causes of action for fraud, conspiracy, and breach of various duties against all defendants. Id. ¶¶ 169–223.

Following the initial conference on January 30, 2020 the Court entered an order pursuant to Federal Rule of Civil Procedure 16(b)(3) which set the following deadlines: the parties shall complete discovery by August 10, 2020 and any request to amend the pleadings or to join other parties shall be filed by February 28, 2020. ECF No. 13. The discovery deadline was subsequently extended, first to September 22 and ultimately to November 25, 2020. Docket Entries 8/7/2020;

---

[2] Block 865 Lot 300 LLC v. Juliet Baione et al, Index number 10189/2014, Supreme Court, Richmond County. Answer, ¶ 6.
[3] Piccone and Grigoli's appeals were both dismissed pursuant to 22 NYCRR 1250.10(a) for failure to perfect an appeal, and their subsequent motions to vacate the dismissal were denied. See In the Matter of Block 865 Lot 300, LLC v. Juliet F. Bainoe et al, 2018-12568, Supreme Court Appellate Division, Second Judicial Department.

2

9/23/2020. The November 25 deadline was eventually extended for the limited purpose of taking the deposition of plaintiff Agoliati, which occurred on December 2, 2020. Docket Entry 12/2/2020. The deadline to amend the pleadings or add new parties was never extended. On December 16, 2020 plaintiff Piccone and all defendants requested a pre-motion conference before moving for summary judgment, ECF Nos. 65–68. Judge Kuntz dispensed with the pre-motion conference requirement due to the COVID-19 pandemic and set the briefing schedule for the parties' motions on December 17 and 18, 2020. Docket Entries 12/17/2020; 12/18/2020. That schedule has since been extended. ECF Nos. 74, 77.

Plaintiff Piccone now seeks leave to file his proposed amended complaint ("PAC") to add an eleventh cause of action against defendants, for fraudulent concealment of evidence in the underlying state court litigation. PAC ¶¶ 224–29. Piccone filed the instant motion on January 15, 2021. ECF No. 69. Defendant Avery Gross opposes the instant motion, arguing that any amendment is untimely and that the "new claim" could have been set forth in the original complaint. ECF No. 70.

**LEGAL STANDARD**

"Where . . . a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the scheduling deadline has passed, the plaintiff must satisfy both [Federal Rules of Civil Procedure] 15 and 16 to be permitted to amend." Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (citations and internal quotation marks omitted). See also Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (internal quotation marks omitted).

3

Under Rule 15(a)(2), the Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying Rule 15, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. A litigant may be prejudiced within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Pasternack, 863 F.3d at 174 (internal quotation marks and citations omitted).

"'Where . . . a scheduling order governs amendments to the complaint,' and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause to modify the deadline under Rule 16." BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citing Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009)). Good cause "depends on the diligence of the moving party." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)). In other words, plaintiff must show that the deadline could not be reasonably met despite his diligence. While "the primary consideration [in determining good cause] is whether the moving party can demonstrate diligence," the district court may also "consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244.

Rule 16 "is designed to offer a measure of certainty in pretrial proceedings" and to "assur[e] that at some point both the parties and the pleadings will be fixed . . ." Id. at 243 (quoting Parker, 204 F.3d at 339–40 and Rule 16 advisory committee notes). "[A] district court has broad discretion to decide whether to grant leave to amend," Emengo v. Stark, No. 18-1942, 2019 WL 2206250, at

*2 (2d Cir. May 22, 2019) (summary order) (quoting In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005), superseded on other grounds), including "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side," Kassner, 496 F.3d at 244.

Leave to amend may also be denied based on the futility of the proposed amendment. Chunn v. Amtrak, 916 F.3d 204, 208 (2d Cir. 2019) (citation omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 224–25 (2d Cir. 2017) (citation omitted). When deciding whether an amended complaint would state a claim under Rule 12(b)(6), the Court "accept[s] as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." Id.

## DISCUSSION

### I. Plaintiff Has Not Shown Good Cause

Plaintiff has not established good cause to excuse his failure to meet the Court ordered deadline to amend the pleadings. Plaintiff has not shown the requisite diligence and granting him leave to file the PAC would unduly prejudice defendants.

a. Plaintiff Failed to Demonstrate Diligence

Plaintiff Piccone's motion to amend his complaint does not even attempt to explain why he did not meet the deadline set by this Court. Plaintiff Piccone does allege, in an unrelated motion asking the district judge for an extension of time to file his motion for summary judgment, that he did not obtain evidence of the fraudulent concealment until September of 2020. ECF No. 73. It is unclear what this new evidence could be, because all that was added in the PAC is a conclusory

allegation that the defendants withheld evidence in the state court litigation. PAC ¶ 226. The new cause of action added to the PAC does not allege facts demonstrating defendants' fraudulent concealment; plaintiff Piccone merely alleges that he was prejudiced by the defendants' failure to produce evidence in the state court proceeding. Because the PAC includes no new factual allegations, there is no reason that Piccone could not have alleged this cause of action in the original complaint. "A party has not acted diligently where the proposed amendment to the pleading is based on information 'that the party knew, or should have known,' in advance of the deadline sought to be extended." Charter Commc'ns, Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 338 F. Supp. 3d 242, 254 (S.D.N.Y. 2018) (citations omitted). See also Parker, 204 F.3d at 341 (refusing to find good cause where "the information supporting the proposed amendment to the complaint was available to [the moving party] even before she filed suit").

However, even if the Court gave Piccone every benefit of the doubt that his motion to amend is based on newly discovered evidence, he waited over four months after the discovery of that evidence to file his motion. ECF No. 69. Moreover, plaintiff filed his motion to amend a month after he requested a pre-motion conference to move for summary judgment. ECF No. 68.

The procedural posture of this case is similar to that in International Media Films Inc. v. Lucas Entertainment, 07 Civ. 1178(JGK)(FM), 2008 WL 781823 (S.D.N.Y. March 20, 2008). In that case, the Court set a deadline to add new parties of June 8, 2007, with all discovery to be completed by November 9, 2007. Id. at 1. The discovery deadline was subsequently extended, and on January 28, 2008 plaintiff moved to amend its complaint to add another defendant.[4] Id. Plaintiff argued that it had satisfied the "good cause" requirement because it had "only recently determined"

---

[4] While International Media involved the addition of parties, not claims as in the case at bar, both speak to the amendment of the complaint under Federal Rules of Civil Procedure 15 and 16.

6

that the individual it sought to add may be liable. Id. at 4. The Court however found that plaintiff had received evidence regarding the individual's potential liability in August 2007, which was confirmed during depositions in October 2007. Id. at 4–5. Because plaintiff waited three months after confirming this information to move to amend its complaint, the Court held that plaintiff "cannot show that it diligently sought to comply with the scheduling order and therefore lacks the good cause necessary to modify it." Id. at 5 (citations omitted).

The motion in this case was filed nearly one year after the deadline to amend the pleadings, two months after the close of discovery, and a month after Piccone and the defendants filed pre-motion conference letters to move for summary judgment. Even if Piccone did not receive evidence pointing to fraudulent concealment until September of 2020, he then waited over three months before filing his motion seeking leave to amend. Given this delay, plaintiff Piccone has not acted diligently. Therefore, plaintiff fails to show good cause to modify the Court's scheduling order *nunc pro tunc*. See Werking v. Andrews, 526 Fed. Appx. 94, 96 (2d Cir. 2013) (upholding the denial of a motion to amend where the movant waited two months after the discovery of new evidence to file the motion as failing to show diligence); see also Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.,, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (denying motion to amend filed four months after the scheduling order deadline); NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd., 262 F.Supp.2d 134, 150-51 (S.D.N.Y. 2003) (same).

  b. Amendment Would Prejudice Defendants

Moreover, allowing plaintiff to amend his complaint at this time would unduly prejudice the defendants. In gauging prejudice, a court considers, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct

7

discovery and prepare for trial or significantly delay the resolution of the dispute." Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008).

The Court recognizes that the cause of action for fraudulent concealment sought to be added does not greatly change plaintiff's theory of the case, and the fact that the opposing party will have to undertake additional discovery, alone, does not constitute undue prejudice. U.S. ex rel. Mar. Admin. V. Cont'l Nat'l Bank & Trust Co. of Chi., 889 F.2d 1247, 1255 (2d Cir. 1989). However, the claim does involve new problems of proof and that, combined with the extreme lateness of the hour in which this motion was filed, constitutes undue prejudice to defendants.

In this case, no amendments were to be filed after February 28, 2020, and all discovery was to be completed by December 2, 2020. Relying on these deadlines, the defendants requested pre-motion conferences in anticipation of moving for summary judgment on December 16, 2020. ECF No. 65, 66. In International Media, the Court found that it was unduly prejudicial that the plaintiff had filed its motion to amend nine days before the defendants filed their motion for summary judgment. International Media, 2008 WL 781823 at *5 ("A motion to amend a complaint made at such a late date is "especially prejudicial" to the nonmoving party.") (quoting Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998)); see also Werking, 526 Fed. Appx. At 96 (finding prejudice where changes to the pleading "would have required substantial additional discovery after the parties had *just* completed the discovery process.") (emphasis in original). Here, plaintiff Piccone's motion to amend was filed later than the plaintiffs' motions in International Media or Werking. Piccone filed the instant motion almost a full month after defendants requested a pre-motion conference, and over a month after the parties completed discovery. Defendants should not be required to conduct discovery concerning a new cause of action at this stage in the litigation. Plaintiff's motion to amend should therefore be denied.

8

II. **Granting Leave to Amend would be Futile**

Even if plaintiff Piccone had demonstrated good cause to modify the Court's scheduling order and defendants would not be unduly prejudiced by the amendment, I would still recommend that plaintiff's request for leave to amend should be denied as the proposed amendment would be futile. The PAC fails to state a claim of fraudulent concealment and would therefore not survive a Rule 12(b)(6) motion to dismiss.

Importantly, "like a claim for fraud, a claim of fraudulent concealment must be [pleaded] with particularity, in accordance with the heightened pleading standards of Fed. R. Civ. P. 9(b)." Warren v. John Wiley & Sons, Inc., 952 F. Supp. 2d 610, 621 (S.D.N.Y. 2013) (quotation omitted). A plaintiff bringing a claim for fraud must allege "the time, place, speaker, and sometimes even the content of the misrepresentation." Bertini v. Smith & Nephew, Inc., 8 F. Supp. 3d 246, 259 (E.D.N.Y. 2014) (internal citation omitted).

The elements of a fraudulent concealment claim under New York law are: (1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and (6) damages. De Sole v. Knoedler Gallery, LLC, 974 F. Supp. 2d 274, 314 (S.D.N.Y. 2013). When the plaintiff cannot specify the time and place of the fraud because the fraud is based on concealment, and no affirmative act occurred, the plaintiff must still allege: "(1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff; and (4) what the defendant obtained through the fraud." Woods v. Maytag Co., 807 F. Supp. 2d 112, 119 (E.D.N.Y 2011). Finally, "[w]hen fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts or omissions complained of by each defendant." Bruno v. Zimmer, Inc., 15-CV-6129(LDW)(ATK), 2017 WL

8793242 at *7 (E.D.N.Y. August 11, 2017) (quoting Odyssey Re (London) Ltd. V. Stirling Cooke Brown Holdings, Ltd., 85 F. Supp. 282, 293 (S.D.N.Y. 2000) and collecting cases).

Plaintiff fails to state a claim for fraudulent concealment for a number of reasons, but the overarching reason is that plaintiff fails to allege that anything fraudulent took place. Instead, Piccone seems to allege that there exists or existed certain documents, which Piccone knew about, that defendants refused to produce. "The named Defendants, and each of them withheld, correspondence, checks, banking information, and other highly relevant evidence that was first requested by written demands and then which the Court ordered the defendants produce to Plaintiff." PAC ¶ 226. Elsewhere in the complaint Piccone seems to define the "correspondence" as correspondence between defendant Gross and the prior owners of interests in the pool property. See PAC ¶¶ 153–155. Plaintiff is trying to repackage this discovery dispute from the state court as a "newly discovered" cause of action for fraud. Allowing plaintiff to amend to include this new claim would be futile.

Courts in this circuit have applied the rationale of Ortega v. City of New York, 9 N.Y. 3d 69 (2007) which held that a party may not seek to recover damages for discovery violations as a separate tort. In Ortega, the New York State Court of Appeals declined to recognize spoilation of evidence as an independent tort claim. The Court ruled that traditional remedies such as monetary sanctions, adverse inference instructions, and dismissal, among other sanctions, already existed to deter parties from engaging in such discovery violations. Ortega, 9 N.Y. 3d at 76, 79.

In Mohammed v. Delta Air Lines, Inc., 08-CV-1405(FB)(JMA), 2011 WL 5553827 (E.D.N.Y. June 8, 2011), the Court applied Ortega and denied plaintiff's motion to amend her complaint to add causes of action for fraudulent concealment, spoliation and fraudulent misrepresentation. The Court held that because the traditional remedies discussed in Ortega exist

10

to deter discovery violations, "plaintiff may not employ independent causes of action based on the alleged violations." Id. at *4. The Court further explained: "[t]his logic is applicable whether the claim is styled as spoliation, fraudulent concealment, or fraudulent misrepresentation."[5] Id. Furthermore, in Kamdem-Ouaffo v. Balchem Corp., the Court applied both Mohammed and Ortega to dismiss a claim for fraudulent concealment based on defendants' failure to produce documents because "existing remedies available to courts for discovery violations . . . are an adequate deterrence." Kamdem-Ouaffo v. Balchem Corp., 17 Civ. 2810(KMK), 2018 WL 4386092 at *17–18 (S.D.N.Y. Sept. 14, 2018) (quotation omitted). Therefore, Piccone's proposed claim for fraudulent concealment alleging defendants failed to produce requested documents in the state court action would be futile.

Even if Piccone was permitted to bring a fraud claim for this purpose, he fails to plead fraud with sufficient particularity as required by Rule 9(b). First, it is unclear from the PAC which defendants are accused of withholding which documents. The PAC quotes from a 2017 motion to compel filed by Piccone in the state court litigation alleging that "Defendant LLC has not produced correspondence between Avery Gross and [the prior owners of plaintiffs' interests]," PAC ¶ 153, but later states that defendant Gross was ordered to produce this correspondence but failed to do so. PAC ¶¶ 154–55. It is unclear whether plaintiff is alleging that the defendant LLC committed fraud by not turning over the correspondence initially, or that defendant Gross acted fraudulently by defying a court order. Similarly, Piccone later alleges "[t]he defendants have in the past and continue in the present to hide evidence and/or obstruct the Plaintiffs' and each of their, access to documents and evidence . . ." PAC ¶ 165. Second, Piccone alleges that "Defendants' [sic] Carmel

---

[5] An earlier order in Mohammed also addressed this issue. There, Judge Trager wrote "Ortega suggests that New York courts would be reluctant to recognize such a [fraudulent concealment] claim where traditional litigation sanctions could provide a remedy," because doing so would "permit almost any intentional discovery violation by an opposing party to be recast as an independent tort claim." Order, 08-CV-1405. ECF No. 35, 3–4.

McCarthy, John and Marla DiForte and Defendant LLC, each failed to produce material and relevant evidence within their custody and control when issued with valid process requesting that evidence." PAC ¶ 156. While Piccone here alleges who withheld evidence, he does not state with any specificity what was not turned over, when it was requested, or how he was harmed. See Walters, 124 F. Supp. 3d at 79 ("Rule 9(b) particularity means the who, what, when, where, and how: the first paragraph of any newspaper story.") (internal citation omitted). Piccone's final allegation regarding defendants' alleged concealment in the PAC states that defendant Gross "took an active role in denying Piccone, Agoliati and Grigoli access to the documents, like unprivileged discoverable correspondence." PAC ¶ 160. This conclusory statement does not satisfy the pleading requirements of Rule 9(b). See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1941 (2009) (("Rule 9(b)—which requires particularity when pleading 'fraud or mistake' . . . does not require courts to credit a complaint's conclusory statements without reference to its factual context.").

For all of the foregoing reasons, plaintiff's motion to amend his complaint to add an eleventh cause of action for fraudulent concealment of evidence should be denied as futile. Moreover, as plaintiff's proposed new claim relates to conduct regarding discovery that could or should have been raised in the now concluded state court litigation, plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, plaintiff's motion to amend should be denied because Piccone has failed to show good cause under Rule 16(b) to excuse his failure to comply with the Court's scheduling order. Moreover, as the PAC fails to state a claim upon which relief can be granted, the proposed amendment would be futile.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 20, 2021
       Brooklyn, New York