UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRIS AGOLIATI, JERRY GRIGOLI, and :
LOUIS PICCONE, :
 :
 :
                Plaintiffs, :
    v. : **DECISION & ORDER**
 : 19-CV-5477 (WFK) (TAM)
BLOCK 856 LOT 300 LLC, JOHN DIFORTE, :
MARLA DIFORTE, CARMEL MCCARTHY, and :
AVERY GROSS, :
 :
                Defendants. :
------------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiffs Chris Agoliati, Jerry Grigoli, and Louis Piccone (collectively, "Plaintiffs") initiated this action against Defendants Block 865 Lot 300 LLC ("LLC Defendant"), John and Marla DiForte, Carmel McCarthy (together with LLC Defendant, "represented Defendants"), and Avery Gross, proceeding *pro se* (collectively, "Defendants") over a dispute regarding the ownership of fractional shares of a swimming pool property on Staten Island, New York ("the Property" or "the Pool Property"). *See* Compl., ECF No. 1 and Am. Compl., ECF No. 5. On November 17, 2023, Judge Merkl issued a Report and Recommendation ("R&R") recommending the Court find diversity of citizenship lacking due to Plaintiff Piccone's domicile outside the United States. ECF No. 156. The R&R also recommends finding Plaintiffs' Amended Complaint alleges a sufficient amount in controversy under 28 U.S.C. § 1332. *Id.* All Defendants filed objections to the R&R: Defendant Avery Gross filed on November 29, 2023, ECF No. 157, and the represented Defendants filed on November 30, 2023, ECF No. 158. For the following reasons, the Court OVERRULES Defendants' objections, ADOPTS the R&R, and DISMISSES this case with prejudice for lack of subject matter jurisdiction.

                                      **I.      BACKGROUND**

Plaintiffs Chris Agoliati, Jerry Grigoli, and Louis Piccone (collectively, "Plaintiffs") initiated this action against Defendants Block 865 Lot 300 LLC ("LLC Defendant"), John and Marla DiForte, Carmel McCarthy (together with LLC Defendant, "represented Defendants"), and Avery Gross, proceeding *pro se* (collectively, "Defendants") over a dispute regarding the ownership of fractional shares of a swimming pool property on Staten Island, New York ("the Property" or "the Pool Property"). *See* Compl., ECF No. 1 and Am. Compl., ECF No. 5. On

1

December 17, 2021, this Court granted Defendants' Motion to Dismiss. ECF No. 111. Plaintiffs appealed. The Second Circuit remanded the case for a determination as to "whether there is complete diversity of citizenship between Plaintiffs and Defendants and whether each of the Plaintiffs has satisfied the amount-in-controversy requirements of [28 U.S.C. § 1332]." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769 (2d Cir. Jan. 26, 2023) (summary order). That same day, this Court referred the Second Circuit's summary order to Magistrate Judge Taryn Merkl for a Report and Recommendation ("R&R"). ECF No. 117. On November 17, 2023, Judge Merkl issued an R&R recommending the Court find complete diversity of citizenship lacking due to Plaintiff Piccone's domicile outside the United States. ECF No. 156. The R&R also recommends finding Plaintiffs' Amended Complaint alleges a sufficient amount in controversy under Section 1332. *Id.* All Defendants filed objections to the R&R: Defendant Avery Gross filed on November 29, 2023, ECF No. 157, and the represented Defendants filed on November 30, 2023, ECF No. 158.

For the reasons set forth below, the Court overrules Defendants' objections and adopts the R&R's conclusions. The Court assumes the parties' familiarity with the facts and procedural history of this case, and the contents of the R&R, to which the Court refers only as necessary to explain its decision.

## II.  LEGAL STANDARD

Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge has issued an R&R and a party "makes specific and timely written objections," a district court is to review *de novo* "those portions of the report ... to which objection is made." *Reyes v. LaValley*, 10-CV-2524, 2013 WL 4852313, at *1 (E.D.N.Y. Sept. 10, 2013) (Matsumoto, J.) (quoting 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3)). "The

objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Id.* (internal citation omitted). But "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the standard of review is clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (Holwell, J.) (internal citation and quotation marks omitted). Upon reviewing the R&R, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.   DISCUSSION

While all Defendants filed objections to the R&R, none of them object to the R&R's ultimate conclusion: Plaintiffs failed to establish the existence of diversity jurisdiction. *See* Gross Obj., ECF No. 157, at 2[1]; Rep. Defs. Obj., ECF No. 158, at 2. All Defendants agree with Judge Merkl's conclusion that Plaintiff Piccone was domiciled in Canada when the Amended Complaint was filed, thus destroying diversity jurisdiction. Rather, Defendants contest Judge Merkl's finding that Plaintiffs adequately alleged their claims meet the amount in controversy requirement.

**A. Represented Defendants' Objections**

    i.    Admission of City Finance Document

The represented Defendants argue Judge Merkl incorrectly relied on a "Notice of Property Value" document from the N.Y.C. Department of Finance for the Property, which indicates the market value for the Property for the 2016-2017 tax year was $584,000.00 (or

---

[1] All page numbers correspond to the pages of the PDF filings on ECF.

3

$73,000.00 for each 1/8th share). Rep. Defs. Obj. at 4-5. The represented Defendants argue this document was "an unauthenticated piece of paper that claimed to be downloaded from the internet with a 'property value' . . . . [and] there was no basis to admit this document into evidence." *Id.* at 4.

The Court disagrees. During the evidentiary hearing on May 11, 2023, Judge Merkl pressed the represented Defendants' counsel and *pro se* Defendant Gross as to why the city property value document should not be admitted, and she ultimately found counsel's objections without merit. *See* Hearing Tr., ECF No. 151, at 57 ("THE COURT: Do you actually dispute whether this is an authentic document from the New York City Department of Finance? MR. ALBEE: It appears to be but I don't know because it's not an official record. It seems to be printed out over the internet. THE COURT: Or it was mailed, who knows. Mr. Agoliati, how did you obtain this document? MR. AGOLIATI: The City of New York, NewYorkcity.gov. You go into real estate and they submit the information to you upon request in all five boroughs."); *id.* at 58 ("[THE COURT]: Mr. Gross, do you actually dispute whether or not this document is what it purports to be? That's the only question. MR. GROSS: It appears that Mr. Agoliati's testimony and Mr. Piccone in his statement appear to be attempting to provide an evaluation which should be done by someone who is licensed to appraise. THE COURT: You're not answering my question, Mr. Gross. Do you actually take issue with whether or not this document is what it purports to be within the meaning of the rules of evidence? MR. GROSS: Within the rules of evidence, I don't think it's competent evidence of value. THE COURT: No, you're not answering my question, you're arguing about relevancy. I'm asking about the authenticity. Do you actually take issue with whether this document is what it purports to be? MR. GROSS: I presume it's a printout from somebody's website. THE COURT: So, again, with

the objections noted as to whether or not this document proves the plaintiffs' position noted, the Court will admit this document.").

Judge Merkl did not err in admitting the city finance document. Federal Rule of Evidence 901(a) provides "authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). This requires little more than a prima facie showing of authenticity: it "does not erect a particularly high hurdle." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (internal citations omitted). Indeed, "the proponent of the evidence is not required 'to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be.'" *Id.* (internal citation omitted). Rather, a court may find proper authentication merely upon a showing that "a reasonable juror could find in favor of authenticity or identification." *Id.* Here, the testimony from Mr. Agoliati, the proponent of the city document, established a reasonable probability of the document's authenticity—which is all that is required for admission. *See id.*

ii.  Sufficiency of Amount in Controversy Allegations

Further, the represented Defendants take issue with Judge Merkl's reliance on allegations in the Amended Complaint, which, Defendants argue, "[are] clearly wrong." Rep. Defs. Obj. at 5-6. Specifically, the represented Defendants argue Judge Merkl incorrectly credited Plaintiffs' allegation they were denied their right of first refusal to purchase at least three shares of the Pool Property. *Id.* at 6 ("[A]s the Magistrate points out, in order for plaintiff to avail himself of a 'right of first refusal' he has to establish that he was ready, willing, and able to act on that 'right.' Here the sworn testimony of Plaintiff AGOLIATI was that he never had any intention to

purchase the other shares to develop the property. He testified . . . he was repeatedly offered shares that he refused to purchase. . . . The Magistrate disregarded the plaintiff's sworn testimony and found that the complaint's allegations should be the basis of the decision.").

This objection fails. Judge Merkl noted Defendants disputed the merits of Plaintiffs' right of first refusal claim. R&R at 32 n.21. While acknowledging the dispute, Judge Merkl explained "the Court does not reach the merits of [Plaintiffs' right of first refusal] claim (or whether there may be factual defenses to it) in evaluating whether Plaintiffs' amended complaint has alleged the requisite amount in controversy." *Id.* Contrary to the represented Defendants' objection, this was not error. As Judge Merkl highlighted, diversity jurisdiction requires a "reasonable probability" that the amount in controversy exceeds $75,000.00. *Smulley v. Safeco Ins. Co. of Illinois*, 21- CV- 2124-, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022), *cert. denied*, 143 S. Ct. 2463 (2023). There is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 229 (2d Cir. 2017) (internal citation omitted). "If the right of recovery is uncertain, the doubt should be resolved in favor of the subjective good faith of the plaintiff." *Id.* (alterations and internal citation omitted). For dismissal to be warranted, "it must appear to a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Id.* (internal citation omitted).

Judge Merkl properly applied this standard here. Considering Plaintiffs' assertion that "Defendants deprived them of the opportunity to purchase at least three shares of the Pool Property" and assuming the Property's value to be $584,000.00 total (or $73,000.00 for each one-eighth share), Judge Merkl determined the Complaint alleges an amount in controversy of $219,000.00. R&R at 33. While Defendants dispute the merits of Plaintiffs' right of first refusal

6

claim, that dispute does not affect the amount in controversy analysis. *See Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (holding "a valid defense does not deprive a federal court of jurisdiction" and explaining "[w]ere the law otherwise, the orderly progress of litigation would be disrupted" and "[i]ssues going to a federal court's power to decide would be hopelessly confused with the merits themselves.").

The represented Defendants raise a similar objection with respect to Plaintiff Grigoli's satisfaction of the amount in controversy requirement. Specifically, they argue "Plaintiff GRIGOLI had the burden of proof to show the amount in controversy was more than $75,000 and he completely defaulted." Rep. Defs. Obj. at 7. The Court reiterates that the relevant standard here is whether there exists a "reasonable probability" from the face of the complaint that the plaintiffs have satisfied the amount in controversy requirement. *See Smulley*, 2022 WL 16753118, at *1; *Pyskaty*, 856 F.3d at 229. Judge Merkl appropriately relied on the allegations in the Complaint to conclude there was such a reasonable probability with respect to all Plaintiffs—a conclusion that is particularly appropriate in light of the Second Circuit's instruction that "doubt should be resolved in favor of the subjective good faith of the plaintiff." *See Pyskaty*, 856 F.3d at 229.

### B. Defendant Gross's Objections

#### i. Admission of City Finance Document

Like the represented Defendants, Defendant Gross objects to Judge Merkl's admission of and reliance upon the "Notice of Property Value" document from the N.Y.C. Department of Finance. *See* Gross Obj. ECF No. 157, at 3-4. For the reasons already discussed in Section III(A)(i), *supra*, the Court finds this objection unpersuasive.

7

      ii.      <u>Plaintiffs' "Ownership Interests"</u>

Defendant Gross also argues "[t]he most blatant deficiency in plaintiffs' presentations, on this hearing, and in the entire record of the prior motion proceedings . . . . is that neither Agoliati nor any of the other plaintiffs ever offered any evidence of an ownership interest in the subject Property." Gross Obj. at 4. According to Defendant Gross, "[i]f plaintiff has no valid property rights, he has no standing to claim any damages at all." *Id.* at 5. Defendant Gross also argues Plaintiff Grigoli "never presented any deed nor any evidence of ownership" and Plaintiff Piccone "is claiming an assignment of a property interest that had already been adjudicated to be void[.]" *Id.* at 5-6.

Again, the Court emphasizes the inquiry before Judge Merkl was limited to the jurisdictional requirements of 28 U.S.C. § 1332. *See* Order Referring Summary Order, ECF No. 117; *see also Zacharia*, 684 F.2d at 202 (holding "a valid defense does not deprive a federal court of jurisdiction" and explaining "[w]ere the law otherwise, the orderly progress of litigation would be disrupted" and "[i]ssues going to a federal court's power to decide would be hopelessly confused with the merits themselves."). As discussed in Section III(A)(ii), *supra*, Judge Merkl appropriately considered the allegations on the face of the Complaint in assessing the amount in controversy requirement, and appropriately refrained from considering the merits of Plaintiffs' claims or Defendants' defenses thereto.

      iii.      <u>Aggregation of Claims</u>

Defendant Gross next claims Judge Merkl incorrectly aggregated Plaintiffs' alleged damages in analyzing the amount in controversy requirement. Gross. Obj. at 6-7. Defendant Gross argues "the purported property interests of each of [Plaintiffs] are specifically alleged by

8

them to have been derived as tenants-in-common and not as joint tenants" and therefore their "claims may not be aggregated for § 1332 purposes." *Id.* at 7.

This objection is without merit. In the R&R, Judge Merkl addresses the exact argument Defendant Gross raises in this objection. *See* R&R at 29 n.18. As Judge Merkl explains, "paradigmatic cases that have allowed aggregation of claims 'are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy.'" *Id.* (citing *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997) (quotation marks omitted)). Judge Merkl continues, "Plaintiffs have asserted claims regarding the alleged deprivation of the right of first refusal as to shares of the Property, which claim exceeds the jurisdictional amount. Even though each Plaintiff is asserting that claim, it is not fair or logical to divide the value of that claim across the three Plaintiffs merely because all three of them assert it." *Id.* The Court agrees with Judge Merkl's analysis.

## IV.   CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendants' objections and ADOPTS the R&R at ECF No. 156 in its entirety. This action is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* parties and close this case.

**SO ORDERED.**

**s/WFK**
_____

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2023
    Brooklyn, New York

9